UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL M. MOTTOLA,

                Plaintiff,

-against-

CRAVATH, SWAINE & MOORE LLP, et al.,

                Defendants.

24-CV-2744 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff filed this action *pro se*. On August 6, 2024, the Court dismissed the complaint for failure to state a claim. Plaintiff appealed the dismissal, and on February 10, 2025, the United States Court of Appeals dismissed the appeal "because it 'lack[ed] an arguable basis either in law or in fact.'" *Mottola v. Estate of Louis Mark DeNegre, Fiduciary*, No. 24-2152 (2d Cir. Mar. 26, 2025). Commencing approximately three months later, Plaintiff filed six documents: (1) a notice of voluntary dismissal, dated June 16, 2024;[1] (2) a June 18, 2024 letter noting that the Clerk's Office misconstrued Plaintiff's notice of voluntary dismissal; (3) three "table of errors," regarding the Court's August 6, 2025 order of dismissal; and (4) a 240-page letter, dated August 19, 2025, requesting reconsideration of the August 6, 2025 order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submissions, the Court denies the Rule 60(b) letter-motion.[2]

---

[1] Plaintiff dated some of these documents for a date prior to the August 6, 2024 dismissal, suggesting that she intended to date the documents for 2025.

[2] No action on the notice of voluntary dismissal is necessary because the Court dismissed this action for failure to state a claim a year prior to Plaintiff's attempt to voluntarily dismiss this action.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 22) is denied. The Clerk of Court is directed to terminate all motions in this action.

This case is closed, and no further documents should be filed in this case, unless Plaintiff seeks to appeal this decision to the Court of Appeals. Should Plaintiff continue to file submissions directed to the Court, the Court may issue an order directing her to show cause why the Court should not issue an order barring her from filing future submissions in this action without obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 21, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge